■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIRO OJEDA, Also Known as MICHAEL LUCIANO, Appellant.— Judgment, Supreme Court, Bronx County (John P. Collins, J.), rendered May 3, 1989, convicting defendant, after jury trial, of murder in the second degree and sentencing him, as a predicate felon, to an indeterminate term of 25 years' to life imprisonment to run consecutively to a sentence imposed in a prior unrelated case, unanimously affirmed.

Defendant was arrested and charged with the street shooting of Juan Ortiz on November 17, 1984, and does not contest that he shot at Juan Ortiz five times at close range, killing

him. Defendant does argue that the prior sworn testimony of a witness taken at an earlier trial was erroneously entered into evidence, on the ground that the People did not use due diligence in securing the witness's presence at trial. The witness had received favorable treatment in exchange for his testimony against defendant, but no provision had been made should the trial result in a mistrial. After a mistrial was in fact declared, the People sought to postpone the witness's sentencing, and received assurances that the witness's deportation would be delayed, all to no avail. Under these circumstances, it was not error to hold that the witness was unavailable and could not with due diligence be brought before the court. *(See,* CPL 670.10; *People v Arroyo,* 54 NY2d 567, *cert denied* 456 US 979.)

Defendant's further claims of error are at best purely speculative, and in any event were rendered harmless by the trial court's instruction cautioning the jury against engaging in speculation *(People v Rodriguez,* 103 AD2d 121), and in view of the overwhelming evidence at trial of defendant's guilt *(People v Crimmins,* 36 NY2d 230).

We perceive no abuse of discretion by the trial court in imposition of sentence and in the circumstances do not find that sentence to be excessive. Concur—Milonas, J. P., Ellerin, Ross, Kassal and Rubin, JJ.